**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JASON POWELL MICHALAK and STACEY POWELL MICHALAK,

Plaintiffs,

v.

DETROIT ATHLETIC CLUB,

Defendant.
_______________________________/

Case No. 25-cv-11685

Brandy R. McMillion
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 26), OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 29) AND GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF NO. 21)**

On June 5, 2025, Plaintiffs Jason and Stacey Powell Michalak ("the Michalaks" or "Plaintiffs") brought this *pro se* §1983 action against Defendant Detroit Athletic Club ("DAC"). *See generally* ECF No. 1. The Michalaks allege that DAC conspired with the Detroit Police Department ("DPD") to unlawfully target and arrest the plaintiffs in violation of 42 U.S.C. §1983. *Id*. at PageID.6. Plaintiffs additionally allege that, although DAC is a private party, the conduct of its staff and security personnel encouraged police misconduct, making DAC liable as a state actor under 42 U.S.C. §1983. *Id.*

This matter was originally assigned to the Honorable F. Kay Behm, and all pretrial matters were referred to Magistrate Judge David R. Grand. ECF No. 10. However, on July 15, 2025, this matter was reassigned to the undersigned. ECF No 11. On August 4, 2025, all pretrial matters were referred to Magistrate Judge Curtis Ivy, Jr. ECF No. 15.

On September 2, 2025, DAC moved to dismiss all claims against them. ECF No. 21. On August 19th, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant Detroit Athletic Club's Motion to Dismiss for Failure to State a Claim. ECF No. 26, PageID.129. The Michalaks filed Objections to the R&R on August 19, 2026, followed by Corrected Objections on September 3, 2026. ECF Nos. 28, 29. DAC filed a Response to the Michalaks' Corrected Objections on September 14, 2026. ECF No. 30.

The Court has reviewed the Objections and Response with regard to Detroit Athletic Club's Motion to Dismiss for Failure to State a Claim. After conducting a *de novo* review of the record and briefs, and finding that the Michalaks' objections are without merit, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R with respect to Detroit Athletic Club's Motion to Dismiss for Failure to State a Claim (ECF No. 26), **OVERRULE** Plaintiffs' Objections (ECF

No. 29), and **GRANT** Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 21).

**I.**

The Michalaks filed their original complaint on June 5, 2025. *See generally* ECF No 1. Plaintiffs then filed an amended complaint as a matter of right on August 18, 2025. *See generally* ECF No. 18. In both complaints, they allege that DAC conspired with DPD to violate their constitutional rights, following an incident that occurred on June 10, 2023. According to Plaintiffs, the conduct of DAC agents—pointing and gesturing towards the plaintiffs and directing officer's attention towards them—demonstrates that DPD and DAC were working in concert to violate Plaintiffs' constitutional rights under 42 U.S.C. §1983. *See* ECF No. 18, PageID.59. They further allege that DAC encouraged police misconduct; therefore, making defendants—a private party—liable as a state actor under §1983. *Id.* at PageID.62, ¶30. Plaintiffs further assert that DAC's conduct led to the deprivation of their First, Fourth and Fourteenth Amendment rights. *Id.* at PageID.61, ¶29. Magistrate Judge Ivy issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant Detroit Athletic Club's Motion to Dismiss for Failure to State a Claim. ECF No. 26, PageID.129. The Michalaks responded with Objections to the R&R on August 19, 2026, followed by Corrected Objections on September 3, 2026. ECF Nos. 28, 29.

Plaintiffs' objections rely heavily on Exhibit A, a Detroit Police Report, that is submitted for the first time with their Objection. ECF No. 29-1, PageID.162-168. Plaintiffs allege that this report reveals that DAC agents placed the reporting call that led to their arrest. *See* ECF No. 29, PageID.155. Defendants, however, contend that Plaintiffs initiated the phone call to DPD. ECF No. 21, PageID.81. Indeed, in Plaintiffs' original complaint, and again in their Response to the Motion to Dismiss, Plaintiffs assert that they are the ones who placed the call to DPD with the intention of reporting an unattended Michigan State Police cruiser. *See* ECF No. 1, PageID.3; ECF No. 23, PageID.97. Nonetheless, the Magistrate Judge, not having Exhibit A before him, concluded that Plaintiffs were the ones who summoned DPD to the scene of the incident. ECF No. 26, PageID.118.

For the remainder of the factual record, this Court adopts the facts in the R&R, along with its consideration of Exhibit A, as the basis for deciding Defendants' Motion to Dismiss. The Court also notes that Plaintiffs object to the characterization of certain facts in the R&R and will address those objections herein.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.

R. Civ. P. 72(b)(3). When a party objects to portions of a Magistrate Judge's report and recommendation, the Court's *de novo* review is limited to the objected portions. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). On *de novo* review, the Court is not required to consider evidence first presented in objections, but it has discretion to do so. *See* 28 U.S.C. § 636(b)(1)(C). A *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge, and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Objections to the Magistrate Judge's report must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve

judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, *3 (W.D. Mich. Mar. 28, 2013) (citations omitted).

**III.**

Plaintiffs submit five Objections to Magistrate Judge Ivy's Report and Recommendation. *See generally* ECF No. 29. With the exception of Objection One, the objections raised are not stated with the specificity required by law and as instructed by the Magistrate Judge in the R&R. *See* ECF No. 26, PageID.129. The Court may overrule on this basis alone. *See Howard*, 932 F.2d at 509. Even when reaching the merits, however, the claims raised by Plaintiffs are unfounded. All five Objections are therefore overruled and will be addressed in turn.[1]

**<u>Objection No. 1</u>: The Magistrate Judge's core factual premise is false. DAC, not Plaintiffs, initiated the police response and directed the officers to Plaintiffs.**

According to the Michalaks, Magistrate Judge Ivy's finding that they were responsible for the arrival of the police to the scene of the incident is inaccurate. *See* ECF No. 29, PageID.155. To support this claim, Plaintiffs refer to Exhibit A, a Detroit Police Department Incident Report where two of the three officers on the scene of the incident indicate that the reporting call was made by Kevin Heidisch, Director of Security at DAC. ECF No. 29-1, PageID.165-67. First, as mentioned above, the forementioned exhibit was submitted to the record for the first time with

[1] For the sake of brevity, Objections Three and Four will be analyzed together due to the interrelatedness of both claims.

Plaintiff's Objection to the R&R. Magistrate Judge Ivy would not have reviewed it in making his recommendation. Secondly, Magistrate Judge Ivy's conclusion was not unfounded as Plaintiffs themselves alleged multiples times that they initiated contact with DPD. *See* ECF No. 1, PageID.3; ECF No. 23, PageID.97. Third, and most importantly, this factual distinction is immaterial to Magistrate Judge Ivy's legal analysis and is not a "core factual premise" as Plaintiffs assert. *See* ECF No. 29, PageID.155. Even if DAC did make the reporting call, it would not undermine the R&R's conclusion that DAC was not a state actor. *See Ellison v. Garbarino,* 48 F.3d 192, 197 (6th Cir. 1995) (holding that calling on police assistance for self-help does not create a conspiracy); *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000) (finding that utilization of public services by private actors does not convert private action to state action); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 452 (6th Cir. 2007) (A private security guard who merely places a call to police that a suspected shoplifting has occurred, but in no way directly confronts the suspect, is not a state actor for purposes of § 1983.)

Plaintiffs also object to the Magistrate Judge's characterization of DAC's role as limited to a "mere thirteen-second conversation with some pointing and gesturing". *See* ECF No. 29, PageID.155. This, however, is a misstatement of the Magistrate Judge's findings. The Magistrate Judge acknowledged at least three instances where DAC pointed or gestured towards Plaintiffs in response to police

questioning. *See* ECF No. 26, PageID.125. What's more, the Magistrate Judge noted that a DAC agent identified the plaintiffs to the officers. *Id*. Taking all this together, Magistrate Judge Ivy concluded that the facts were insufficient to allege a conspiracy. *Id.* at PageID.10. The Court agrees.

Civil conspiracy claims are relatively strict and must be pled with specificity. *Smigelski v. Fed. Bureau of Investigation*, No. 2:25-CV-1013, 2026 WL 1199371, at *3 (S.D. Ohio May 1, 2026). Accepting all the Plaintiffs' factual allegations as true, DAC's alleged interactions with DPD were 1) placing a reporting call accusing plaintiffs of harassing patrons, and 2) pointing and gesturing towards the plaintiffs in response to DPD's questioning. These facts are insufficient to draw a reasonable inference of a conspiracy to injure Plaintiffs. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (finding that providing information to the police or responding to questions related to a police investigation does not constitute a joint action under §1983.). Accordingly, Objection No. 1 is overruled.

**<u>Objection No. 2</u>: DAC's claim that Plaintiffs were "harassing patrons" is unsupported by any patron complaint. The only complaint came from DAC security itself.**

The Michalaks further object to the Magistrate Judge's recommendation on the grounds that, in the police report, the only source of the allegation that Plaintiffs were harassing DAC patrons comes from DAC security personnel, not DAC patrons themselves. ECF No. 29, PageID.156. According to Plaintiffs, this demonstrates

that DAC was "using its security apparatus to summon and direct public police power against individuals engaged in First Amendment activity on a public sidewalk." *Id*. The Court first notes that Plaintiffs fail to sufficiently specify which portion of the R&R they are objecting to. The Magistrate Judge was clear that "[a]ny objection must recite precisely the provision of [the] Report and Recommendation to which it pertains." ECF No. 26, PageID.129.

Consistent with the local rules, parties are required to "specify the part of the order, proposed findings, recommendations, or report to which [the party] objects" and to "state the basis for the objection." *See* E.D. Mich. L.R. 72.1(d)(1). If an objection does not point to a specific problem with the R&R, it is not proper objection, and the court may overrule on that basis. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Here, Plaintiffs fail to identify which portion of the R&R is being challenged and why the Magistrate Judge's conclusion was in error. Instead, they generally assert that it is "fatal to the Defendant's position" that DAC was the sole source of the allegation of harassment. ECF No. 29, PageID.156. With nothing more, this is a general objection, and the Court is not required to consider it. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Nonetheless, Objection No. 2 does not support Plaintiffs' argument in the way they suggest. Even if DAC did falsely accuse the Michalaks of harassing patrons, it does not produce a reasonable inference that DAC was a state actor whose actions can be attributable to the state. *See Weser v. Goodson*, 965 F.3d 507, 516-17 (6th Cir. 2020) (holding that a private party's deliberate lies to public officials did not make the private party's conduct fairly attributable to the state or show joint action with state agents.); *Lansing*, 202 F.3d at 833 (finding that a private entity's request for police assistance did not create a nexus, because the police made their own decision on how to respond). Accordingly, Objection No. 2 is overruled.

**<u>Objection Nos. 3 and 4</u>: Exhibit A establishes a sufficiently close nexus and joint action under Sixth Circuit law. Plaintiffs adequately pleaded a § 1983 conspiracy. Exhibit A supplies direct evidence of the agreement the Magistrate Judge claimed was missing.**

The Michalaks argue the police report establishes "direct evidence" that DAC and DPD were working in concert. ECF No. 29, PageID.156-8. However, for Exhibit A to support a claim of a sufficiently close nexus, it would need to contain facts which plausibly suggest that DAC's actions were *significantly* encouraged or delegated by the state. *Blum v. Yaretsky*, 457 U.S. 991, 1005 (1982). For a joint action claim, Exhibit A would need to include facts which plausibly support a claim that DAC and DPD shared a single plan, a conspiratorial objective to deprive Plaintiffs of their constitutional rights, and there was an overt act. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). Such facts must be pled with specificity. *Heyne*

*v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011). Exhibit A does neither. In Plaintiffs' own words, the report demonstrates the following:

1. DAC's Director of Security placed the call for service;
2. DAC's Director of Security pointed out and identified Plaintiffs to the responding officers;
3. DAC's Director of Security supplied the specific accusations ("harassing patrons"/ "loitering") used to justify the enforcement action;
4. No actual patron ever made any such complaint; and
5. The officers immediately acted on DAC's identification and accusations by ordering Plaintiffs to leave and arresting them when they did not.

ECF No. 29, PageID.5. The reporting call, the identification and the accusation are DAC's independent actions. Nothing in Exhibit A suggests that the state compelled, encouraged, or directed DAC's calls and accusations. As such, the claim that Exhibit A establishes a sufficiently close nexus such that DAC's actions may be attributed to the state fails.

Nor do any of these facts plausibly suggest a meeting of the minds between DAC and DPD: a call followed by an investigation is just as consistent with independent action by both parties. Plaintiffs allege that they were arrested when they did not leave after officers ordered them to. ECF No. 29, PageID.157. Even on Plaintiff's own telling, the arrest followed their response to an officer's order, not DAC's instructions. If anything, Exhibit A elaborates on the sequence of events already alleged in the Complaint, but it adds nothing suggesting an agreement

between DAC and the officers or suggesting that the officers acted at DAC's direction rather than their own judgment in arresting Plaintiffs. Absent allegations of a prearranged plan, DAC's active involvement in Plaintiffs' arrest, or a showing that the DAC agent was an off-duty officer, the Court finds the claim that there was joint action implausible on its face. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556 (6th Cir. 2011*)* (finding the failure to plead a single plan or agreement as "fatal" to a §1983 conspiracy claim); *Frenchko v. Monroe*, 160 F.4th 784, 800 (6th Cir. 2025) (finding the defendants' role as a vocal bystander rather than an active participant in the plaintiffs arrest insufficient for §1983 liability); *Chapman v. Higbee Co.*, 319 F.3d 825, 835 (6th Cir. 2003) (finding there was a genuine issue of material fact as to whether an off-duty officer, wearing his sheriff's office uniform, was acting under the "color of state law" when he conducted a search of a customer in his role as Dilliard's security officer). Accordingly, Objections No. 3 and 4 are overruled.

**<u>Objection 5</u>: The Magistrate Judge failed to draw all reasonable inferences in the Plaintiffs' favor and applied an improperly rigorous standard to pro se pleadings**

In their fifth and final objection, Plaintiffs argue that the Magistrate Judge failed to accept the well-pleaded facts and draw reasonable inferences in the plaintiffs' favor, in violation of Rule 12(b)(6) and the liberal construction owed to *pro se* pleadings. ECF No. 29, PageID.158. First, it is clear that the Magistrate

Judge did accept Plaintiffs' alleged facts as true but concluded that the facts provided did not support a reasonable inference that DAC was a state actor or that DAC participated in a conspiracy with DPD. ECF No. 26, PageID.127-8. The undersigned has repeatedly found the same throughout this opinion. Therefore, the Court finds that the Magistrate Judge appropriately applied the 12(b)(6) standard.

Given that Plaintiffs are proceeding *pro se*, the Court must construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to a motion to dismiss. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), report and recommendation adopted, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), aff'd, 776 F. App'x 142 (4th Cir. 2019)). In other words, the "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) (affirming the magistrate judge's determination that "even a pro se plaintiff must state and support all elements of a substantive claim to avoid an adverse judgment"); *see also Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (finding that a *pro se* complaint "must

contain factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Plaintiffs failed to meet the legal standard required under Federal Rule of Civil Procedure 12(b)(6) and the liberal pleading standard for *pro se* plaintiffs does not save them here. Thus, Objection No. 5 is overruled.

## IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 26). Plaintiffs Jason and Stacey Powell Michalak's objections (ECF No. 29) are **OVERRULED**. Defendant Detroit Athletic Club's Motion to Dismiss (ECF No. 21) is **GRANTED**.

**IT IS HEREBY ORDERED** that all claims against Detroit Athletic Club are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

***This is a Final Order that closes the case.***

**IT IS SO ORDERED.**

Dated: September 28, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge